# IN THE COURT OF APPEALS OF IOWA

No. 18-2020
Filed March 6, 2019

**IN THE INTEREST OF M.R., S.R., and K.R.,**
**Minor Children,**

**L.R., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A mother appeals an order terminating her parental rights. **AFFIRMED.**

Agnes G. Warutere of Warutere Law Firm, PLLC, Ankeny, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Brent M. Pattison of Drake Legal Clinic, Des Moines, guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

The juvenile court terminated LaShawna's rights in her three children pursuant to Iowa Code section 232.116(1)(a), (e), and (f) (2018). LaShawna timely filed this appeal. We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

LaShawna challenges the sufficiency of the evidence supporting the juvenile court's finding she consented to termination of her parental rights. *See* Iowa Code § 232.116(1)(a). On appeal, she argues her consent was not voluntarily or intelligently given. However, she did not raise this issue in the juvenile court by way of motion or any other manner. As a result, her claim is not preserved for appellate review, which she concedes. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to . . . termination of parental rights cases."); *In re A.C.-B.*, No. 16-0106, 2016 WL 1366865, at *2 (Iowa Ct. App. Apr. 6, 2016) ("The proper method to preserve error is to file a motion for new trial under Iowa Rule of Civil Procedure 1.1004(7) or to file a petition pursuant to rule 1.1013." (citation omitted)). As such, we do not reach the merits of the claim.

LaShawna also argues termination was not required as to one child because the child was in the care of a relative. *See* Iowa Code § 232.116(3)(a). However, LaShawna never argued this exception to termination applied in the juvenile court, and error is not preserved on this issue either, which she also concedes. *See A.B.*, 815 N.W.2d at 773.

Because error was not preserved for any of LaShawna's claims, we affirm the termination of LaShawna's parental rights, pursuant to Iowa Code section

232.116(1)(a).  *See id.* at 774 ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

**AFFIRMED.**